[No. S056760. Dec. 18, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
GUY EDWARD SNOOK, Defendant and Appellant.

## Counsel

Jeff Brown, Public Defender, Paul F. DeMeester, Deputy Public Defender, and Susan Bookout, under appointments by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle Marie Boustany, Laura W. Halgren, Esteban Hernandez and Demetra P. Lewis, Deputy Attorneys General, for Plaintiff and Respondent.

Dennis L. Stout, District Attorney (San Bernardino), Grover D. Merritt and Mary L. Andonov, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

## Opinion

BROWN, J.—Driving a vehicle while under the influence of alcohol or drugs is a misdemeanor. (Veh. Code, § 23152; see *id.*, §§ 23160, 23165, 23170; all further statutory references are to the Vehicle Code unless otherwise noted.) Driving under the influence (DUI) may be charged as a felony rather than a misdemeanor when the offense occurs within seven years of three or more separate DUI violations which resulted in convictions. (§ 23175, subd. (a); hereafter section 23175(a).)

In this case we decide what happens when DUI convictions do not follow the chronological sequence in which the offenses were committed. Does the enhanced penalty still apply when the conviction for the first offense comes last? And if the increased penalty is imposed, would it violate the ex post facto clauses of the state and federal Constitutions?

We conclude the Legislature intended to subject repeat DUI offenders to enhanced penalties regardless of the order in which the offenses were committed and the convictions obtained, and the imposition of such a penalty does not violate any constitutional prohibition against ex post facto laws. Accordingly, the judgment of the Court of Appeal is reversed.

### I. Facts and Procedural History

On April 6, 1992, defendant was arrested for DUI. He was released from custody with a promise to appear in municipal court on May 6, 1992. On April 24, 1992, a three-count misdemeanor complaint was filed, charging

defendant with DUI (§ 23152, subd. (a)); driving a vehicle while having 0.08 percent alcohol in the bloodstream (§ 23152, subd. (b)); and driving with a suspended driver's license (§ 14601.1, subd. (a)). Defendant appeared in court on May 6 as promised, was informed the court had no record of his matter and was not detained, but a bench warrant was later issued.

For the next 22 months, no further proceedings were held in connection with the April 6, 1992, offense. In the meantime, defendant was arrested for DUI on June 11, 1992, two months after defendant had committed his first DUI offense, and twice the following year, on September 23, 1993, and October 25, 1993. Defendant was convicted of all charges arising from the three arrests on October 2, 1992, January 25, 1994, and February 25, 1994, respectively.

When action resumed on the April 6, 1992, violations, the original misdemeanor complaint was amended to charge count Nos. 1 and 2 as felonies under section 23175(a), and an information was filed on April 27, 1994. Defendant admitted the truth of the allegations of three separate DUI violations occurring within seven years of the charged offenses. On July 26, 1994, after court trial, defendant was found guilty of the April 6, 1992, offenses. Imposition of sentence was suspended and defendant was placed on three years' probation on condition he spend three hundred sixty-five days in local custody.

Defendant appealed his conviction on various grounds, arguing primarily the 22 months between his offenses and trial constituted a denial of the constitutional right to speedy trial. The Court of Appeal requested supplemental briefing from the parties on whether the section 23175(a) allegations constituted an ex post facto or other impermissible application of law because the separate violations resulting in convictions occurred after the April 6, 1992, offenses. Defendant made the same argument unsuccessfully in the trial court in a motion to dismiss, but did not raise the issue on appeal.

In the unpublished part of the Court of Appeal's opinion, the court rejected defendant's speedy trial claim. In the portion of its opinion certified for publication, the Court of Appeal held section 23175(a) could not be applied to increase defendant's present offense from a misdemeanor to a felony, and struck the enhanced penalty. Characterizing section 23175(a) as a general recidivist statute, the court determined the provision could not be used to increase the penalty for a first offense as a result of subsequent offenses. In the Court of Appeal's view, an interpretation of section 23175(a) permitting a penalty enhancement for a first offense on the basis of later-committed acts cannot further the purpose of a recidivist statute because the enhanced penalty could not deter earlier conduct. Consequently,

the court construed section 23175(a) to permit the enhanced penalty only for subsequent offenses. The Court of Appeal also concluded that applying section 23175(a) to enhance the penalty of defendant's first offense based on later-committed acts would violate the constitutional prohibition against ex post facto laws.

We granted the People's petition for review.

## II. DISCUSSION

### A. *Construction of Section 23175(a)*

■ Under the Court of Appeal's construction, in order to charge DUI as a felony, the offense must have occurred after the commission of the three or more separate violations triggering the enhanced penalty. In reviewing the decision of the Court of Appeal, we consider anew the proper interpretation of section 23175(a).

■ The court's role in construing a statute is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224]; see also *Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1226 [23 Cal.Rptr.2d 397, 859 P.2d 96].) In determining the Legislature's intent, a court looks first to the words of the statute. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) "[I]t is the language of the statute itself that has successfully braved the legislative gauntlet." (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238 [8 Cal.Rptr.2d 298].)

■ When looking to the words of the statute, a court gives the language its usual, ordinary meaning. (*Alexander* v. *Superior Court, supra,* 5 Cal.4th at p. 1225; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs. (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 8 [255 Cal.Rptr. 412, 767 P.2d 679].)

In relevant part, section 23175(a) provides: "If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three or more separate violations of [any of three enumerated DUI offenses], or any combination thereof, which resulted in convictions, that person shall be punished by imprisonment in the state prison, or in the county jail for not less than 180 days nor more than one year, and by a fine of not less than

three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000)."

Section 23175(a) does not require the three or more triggering offenses to precede commission of the DUI offense underlying the present charge. By its terms, the statute requires only that the three or more "separate violations" which resulted in convictions occurred within seven years of the charged offense. A "separate" violation is a violation that is "unconnected; not united or associated; distinct." (Webster's New Internat. Dict. (2d ed. 1959) p. 2281.)

Moreover, when read in the context of the entire DUI penalty enhancement scheme to which section 23175 belongs, it is clear the term "separate violations" means that the three or more DUI offenses which resulted in convictions must simply be different from the offense at issue in the present proceeding, and not merely different from one another. The Legislature has employed the term "separate violation" or "separate violations" in all of the statutes increasing the penalties for repeat DUI offenders. (See §§ 23165 [penalty for conviction of DUI enhanced when offense occurred within seven years of a "separate violation" of DUI], 23170 [same, but for two "separate violations"], 23185 [enhanced penalty for person convicted of DUI and causing bodily injury when offense occurred within seven years of a "separate violation" of DUI] and 23190 [same, but for two "separate violations"].) A "separate violation" as it appears in the penalty enhancement provisions triggered by only one DUI conviction (§§ 23165, 23185) clearly describes the relationship between the present offense and the offense triggering an enhanced penalty. There is nothing to indicate the Legislature intended this term to have any different meaning in section 23175(a). (Cf. *People* v. *Wells* (1996) 12 Cal.4th 979, 985 [50 Cal.Rptr.2d 699, 911 P.2d 1374] [recognizing principle that, absent contrary indications, Legislature's use of similar term in related statute reflects legislative intent that same meaning apply].)

Finally, we observe that the statute, by its terms, permits a DUI offense to be charged as a felony if the violation occurred within seven years "of" three or more other separate DUI violations that resulted in convictions, thus allowing convictions for offenses that occurred before *or* after the offense underlying the present conviction to be used to trigger an enhanced penalty. It would seem that if the Legislature had intended to count only "separate violations" that occurred prior to the offense presently at issue, it would have used the word "after" rather than "of."

█ If the statutory language is clear and unambiguous, the provision should be applied according to its terms without further judicial construction

so long as the literal meaning is in accord with the purpose of the statute. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ▮▮▮ As the legislative history of section 23175 amply demonstrates, in enacting and amending the language of section 23175 to provide an enhanced penalty on conviction of a DUI offense occurring within seven years of three or more separate DUI violations, the Legislature "meant what it said."

When first enacted in 1983, former section 23175 provided for enhanced punishment when a defendant was convicted of DUI and the offense occurred "within five years of three or more prior offenses which resulted in convictions of violations of [enumerated DUI offenses] . . . ." (Stats. 1983, ch. 637, § 3, p. 2546.) In 1984, shortly after the enactment of former section 23175, the Legislature amended that provision and four other DUI penalty enhancement statutes by substituting the words "separate violations" for "prior offenses." (Stats. 1984, ch. 1205, §§ 1-5, pp. 4129-4130.)

The legislation amending former section 23175 in 1984 also added section 23217 to the Vehicle Code to explain why "separate violations" replaced "prior offenses" in former section 23175 and the other enhanced penalty provisions amended in the same act. (Stats. 1984, ch. 1205, § 14, p. 4136.) Section 23217 read as follows when enacted:

"The Legislature finds and declares that some repeat offenders of the prohibition against driving under the influence of alcohol . . . may be escaping the intent of the Legislature to punish the offender with progressively greater severity if the offense is repeated one or more times within a five-year period. This situation may occur when a conviction for a subsequent offense occurs before a conviction is obtained on an earlier offense.

"The Legislature further finds and declares that the timing of court proceedings should not permit a person to avoid aggravated mandatory minimum penalties for multiple separate offenses occurring within a five-year period. It is the intent of the act enacting this section, in changing the word 'prior' to the word 'separate,' to provide that a person be subject to enhanced mandatory minimum penalties for multiple offenses within a period of five years, regardless of whether the convictions are obtained in the same sequence as the offenses had been committed."[1] (§ 23217, as added by Stats. 1984, ch. 1205, § 14, p. 4136.)

---

[1] In 1986, the Legislature amended section 23175 (Stats. 1986, ch. 1117, § 6, p. 3934), and the other DUI penalty enhancement provisions, substituting "seven years" for "five years" of a separate violation of the enumerated offenses. In 1988, section 23175 was further amended to make imprisonment in state prison an alternative to imprisonment in the county jail. (Stats.

Section 23217 expresses the Legislature's concern that some DUI offenders were escaping enhanced punishment for multiple offenses when their convictions did not occur in the same order as the offenses were committed. The Legislature sought to remedy this situation by defining the offenses triggering enhancement as "separate violations" rather than as "prior offenses." By enacting these amendments, the Legislature did away with the requirement of a sequential relationship between the offense underlying the present conviction and the three or more offenses triggering an enhanced penalty under section 23175(a), thereby broadening the reach of the enhanced penalty provisions. (Cf. *People* v. *Albitre* (1986) 184 Cal.App.3d 895 [229 Cal.Rptr. 289] [term "prior offenses" in former section 23190 refers to timing of offenses which trigger enhanced punishment].) Specifically changing the language of the statute from "prior offenses" to "separate violations" evidences the Legislature's purposeful departure from the traditional approach taken in habitual offender statutes. (Cf. *People* v. *Balderas* (1985) 41 Cal.3d 144, 201 [222 Cal.Rptr. 184, 711 P.2d 480] [applying rationale of habitual offender statutes that offender undeterred by prior experience in criminal justice system is deserving of more severe punishment]; see also *People* v. *McGee* (1934) 1 Cal.2d 611, 614 [36 P.2d 378]; *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 74 [159 Cal.Rptr. 894]; *People* v. *Diaz* (1966) 245 Cal.App.2d 74, 77-78 [53 Cal.Rptr. 666].)

The legislative materials available to lawmakers who considered Assembly Bill No. 3833 in 1984 (which became chapter 1205 of the 1984 Statutes) also strongly suggest section 23175(a) is aimed at punishing more harshly the person who commits multiple DUI offenses, regardless of the sequence in which the offenses were committed and the convictions obtained. As described in bill analyses prepared by several legislative committees, Assembly Bill No. 3833 sought to "prevent a person from being able to circumvent the enhanced penalties for repeat DUI offenses by manipulating the timing of court proceedings," and "close a loophole in the law that allows some repeat DUI offenders to escape enhanced punishments mandated by law for a repeat offense." (Sen. Com. on Judiciary, analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) p. 2; see also Assem. Crim. Law & Pub. Safety Com., analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) pp. 1-2; and see Sen. Republican Caucus, analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) p. 2; cf. Legis. Analyst, analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) p. 1 [because current law bases enhanced penalties on *prior* offenses, repeat offender may receive lower fine or sentence if court proceedings for prior offense are delayed].) As these analyses explained to legislators, by changing the words "prior offenses" to

---

1988, ch. 599, § 1, p. 2160; *id.*, ch. 1553, § 2, p. 5580.) That provision was redesignated section 23175 (a) in 1990. (Stats. 1990, ch. 44, § 6, p. 255.)

"separate violations," a later-obtained conviction can be punished by the enhanced penalty for a multiple DUI offense regardless of when that offense occurred. (Sen. Com. on Judiciary, analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) p. 3; see also Assem. Crim. Law & Pub. Safety Com., analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) p. 1.)

Defendant argues nonetheless the legislative materials support the Court of Appeal's construction of section 23175(a). Defendant points to a statement in one committee bill analysis that Assembly Bill No. 3833 was meant "to prevent a person from being able to circumvent the enhanced penalties for *repeat DUI offenses* by manipulating the timing of court proceedings" (Sen. Com. on Judiciary, analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) p. 2, italics added), and a statement in an enrolled bill report that the Legislature "declares the intent for DUI offenders, convicted multiple times within a five-year period, [is] to suffer greater penalties *for each succeeding offense*." (Dept. of Health & Welfare, Enrolled Bill Rep., analysis of Assem. Bill No. 3833 (1983-1984 Reg. Sess.) Sept. 7, 1994, p. 1, italics added.)

██ Legislative materials inform our construction of a statute only when the words of the statute are unclear (*People* v. *Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163]), but a clear statement of intent may serve to confirm a provision's plain meaning. ██ Here, although some of the language in these legislative materials, read in isolation, could be viewed as supporting the Court of Appeal's construction of section 23175(a), when read in light of the entire available legislative history, the statements do not support defendant's claim that the date of the commission of the offense, but not the date of conviction, should control application of section 23175(a). To the contrary. The Legislature's substitution of "separate violations" for "prior offenses" in former section 23175, its explanation for doing so in section 23217, and the legislative materials available to assist and inform the Legislature's consideration of Assembly Bill No. 3833, taken together, amply reflect the Legislature's goal of preventing the DUI offender from escaping an enhanced penalty for multiple offenses. They indicate moreover the Legislature's intention to punish all repeat DUI offenders harshly, regardless of the order in which offenses and convictions have occurred. In light of the statute's purpose, we conclude section 23175 must be read to permit imposition of an enhanced penalty on conviction of a violation of section 23152 if that offense was committed within seven years of three or more separate DUI violations resulting in convictions, regardless of the order in which the three separate DUI offenses occurred or the convictions were obtained.

In construing section 23175 to provide an enhanced penalty only for subsequent offenses, the Court of Appeal reasoned that imposing a penalty

enhancement for a first offense on the basis of later-committed offenses could have no deterrent effect on past conduct. This rationale presumes a person can only be deterred from committing multiple DUI offenses by the threat of progressively harsher punishment for each subsequent DUI offense. However, in amending section 23175, the Legislature could reasonably have believed that closing the loophole that allowed some repeat offenders to avoid enhanced punishment would serve to increase the statute's overall deterrent effect. A person with DUI charges pending who knows he or she risks exposure to felony punishment if convicted of three other DUI offenses, in whatever order they were committed, may well refrain from driving under the influence again for fear of the consequences.

Moreover, to construe section 23175(a), as the Court of Appeal does, perpetuates the "loophole" the Legislature sought to close. Under the Court of Appeal's interpretation of section 23175(a), a defendant who committed four separate drunk driving offenses close in time could still escape the enhanced penalty by pleading guilty to the second, third and fourth offenses before going to trial on the first offense. This type of manipulation is precisely the situation the Legislature intended to remedy. (See § 23217.) Because the Court of Appeal's construction serves to defeat, rather than promote, the Legislature's purpose in amending former section 23175 in 1984, we decline to adopt it here. (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]; see also *People* v. *Pieters, supra*, 52 Cal.3d at pp. 898-901.)

### B. *Ex Post Facto*

■■■ The Court of Appeal concluded its construction of section 23175(a) was compelled by the constitutional prohibition against ex post facto laws. (U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9.) ■■■ In deciding whether application of section 23175(a) to the circumstances of this case violates the ex post facto clause of the state and federal Constitutions, we begin by noting that we interpret the ex post facto clause in the California Constitution no differently than its federal counterpart. (See *People* v. *McVickers* (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955]; *Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 295 [279 Cal.Rptr. 592, 807 P.2d 434].) Thus, United States Supreme Court precedent not only controls the federal constitutional question, but also provides persuasive authority as to whether a statute is an ex post facto law under California law. (*People* v. *Helms* (1997) 15 Cal.4th 608, 614 [63 Cal.Rptr.2d 620, 936 P.2d 1230].)

In *Collins* v. *Youngblood* (1990) 497 U.S. 37 [110 S.Ct. 2715, 111 L.Ed.2d 30], the court endorsed the view of its earlier decisions establishing that the

ex post facto clause prohibits three categories of legislative acts: any provision " '[1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission, or [3] which deprives one charged with crime of any defense available according to law at the time when the act was committed . . . .' " (*Id.* at p. 42 [110 S.Ct. at p. 2719], quoting *Beazell* v. *Ohio* (1925) 269 U.S. 167, 169 [46 S.Ct. 68, 68, 70 L.Ed. 216]; cf. *People* v. *McVickers, supra,* 4 Cal.4th at p. 84.)

 Focusing on the second category of prohibited legislative acts, those which make more burdensome the punishment for a crime after its commission, defendant argues the Court of Appeal correctly invoked the ex post facto clause in this case. Defendant points out that when he committed the April 6, 1992, offense, his crime was a misdemeanor, but at the time he was convicted of that offense, section 23175(a) made the crime a felony.

We reject defendant's argument. The increase in defendant's penalty in this case cannot be attributed to any change in law, since section 23175(a) was effective at the time defendant committed the instant offense. Rather, it was defendant's own conduct that ultimately increased his punishment. A self-inflicted change in defendant's status as a repeat offender does not constitute an ex post facto violation. The decisions of courts in other jurisdictions are in accord. (See *Cornwell* v. *United States* (D.C. 1982) 451 A.2d 628, 630; *State* v. *Banks* (1981) 105 Wis.2d 32 [313 N.W.2d 67, 76].)

 Our conclusion is fully consistent with one of the primary purposes of the ex post facto clause: to prevent unforeseeable punishment. "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." (*Weaver* v. *Graham* (1981) 450 U.S. 24, 30 [101 S.Ct. 960, 965, 67 L.Ed.2d 17].) The portion of section 23175(a) relevant to this case has been in effect since 1985. At the time defendant committed his first offense in 1992, he was on notice that if he committed a DUI offense within seven years of three or more other DUI violations resulting in convictions, he could be subject to felony punishment. The mere fact that conviction of the offense that was first in time was obtained after he had committed the offenses triggering the enhanced penalty does not contravene the prohibition of the ex post facto clause.

### III. CONCLUSION AND DISPOSITION

We conclude the Legislature intended to punish repeat DUI offenders with enhanced penalties, regardless of the order in which the offenses were

committed or the convictions obtained. Moreover, imposition of an enhanced penalty on a fourth DUI conviction for an offense predating the triggering violations does not contravene the constitutional proscription against ex post facto laws, so long as the commission of the offense underlying the section 23175(a) charge occurred after the statute's 1984 amendment became effective.

The judgment of the Court of Appeal striking the allegations and true findings of three or more separate violations under section 23175(a) and remanding to the trial court for resentencing is reversed. The Court of Appeal is hereby directed to affirm the trial court's judgment in its entirety.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.