[No. H023511. Sixth Dist. Sept. 13, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
UBALDO VAZQUEZ MUNOZ, Defendant and Appellant.

**COUNSEL**

Carl A. Gonser, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WUNDERLICH, J.**—Driving under the influence of alcohol or drugs, or driving while having 0.08 percent or more of alcohol in one's blood is a

misdemeanor. (Veh. Code, § 23152, subds. (a) & (b).)[1] However, the same offense may be charged as a felony if the offense occurred within seven years of three or more separate driving under the influence (DUI) violations that resulted in convictions. (Former § 23175, subd. (a) [repealed by Stats. 1998, ch. 118, §§ 39 to 42, operative July 1, 1999], now § 23550.) In this case of first impression, we are asked to determine whether the three separate DUI violations and the current violation must all occur within a seven-year period or whether the only requirement is that each of the three separate violations occur within seven years of the current offense, effectively allowing for felony prosecutions in cases where some convictions occurred as many as 14 years apart. Although we are mindful of the serious dangers posed by drunk drivers, we conclude that it is for the Legislature to determine whether the seven-year period the Legislature has set should be extended. Accordingly, because the separate DUI offenses in the instant case spanned a period of more than seven years, we reverse the judgment.

## PROCEDURAL BACKGROUND

On June 21, 1999, defendant Ubaldo Vazquez Munoz was charged in a refiled criminal complaint with driving under the influence of alcohol (§ 23152, subd. (a)), while having a blood-alcohol level of 0.08 or more (§ 23152, subd. (b)), and without a license (§ 12500, subd. (a)). The first two counts were charged as felonies on the ground that the current offense, which took place on September 14, 1996, occurred within seven years of three separate DUI violations which had resulted in convictions. One of these separate violations occurred prior to the current incident—on November 11, 1990. The other two occurred subsequent to the current incident—on October 23, 1998, and September 15, 1997—but had already resulted in convictions before the criminal complaint was filed in this case.

At the preliminary hearing, defense counsel moved for a determination that former section 23175 should not apply to elevate the charged offenses to felonies, based on the equal protection clauses and on the fact that more than seven years separated the priors of 1990 and 1998. The magistrate expressed his concern to the district attorney, stating, "The Court's concern at this time is one of the priors occurred November 11th, 1990 and another one occurred October 23rd, 1998. The time difference which would exceed the seven year period in which the statute refers to in regards to priors and/or separate offenses." The district attorney answered, "What the reference point should be for the seven year period, and our position is that that reference point is the 1996 offense, the offense that is being addressed in the complaint. And that that seven year period goes from the 1996 offense, you could look after

---

[1]All further statutory references are to the Vehicle Code section unless otherwise specified.

the 1996 offense as well as before the 1996 offense." The court then asked, "If we go both ways, both before and after seven years, that would be a total of 14 years possibly?" The district attorney responded, "Yes. [¶] . . . [¶] As long as each of those offenses is within seven years of the charged offense."

After questioning defense counsel, the court asked the district attorney if defendant would have been prosecuted only for misdemeanors if the offenses had been tried in the order they were committed. The district attorney acknowledged, "That's correct," but pointed out that defendant was responsible for the cases not being tried in order, as he had failed to appear. The court then stated, "I agree with you that a criminal defendant should not escape criminal responsibility for his failure to appear. In our case we have two things going on. The defendant did fail to appear and also the District Attorney failed to serve the warrant and/or prosecute the defendant. So there's two wrongs there. . . . [¶] . . . [¶] But my question to you is, and I agree with you, he should face up to his criminal responsibility for what he has done, but should it now be elevated to a felony because the District Attorney did not prosecute him?" The District Attorney replied, "Whether it's fair or not, I'm not going to argue that. But I believe the statute on its face requires that."

The court then explained its concern, "As a judicial officer looking at this argument, I can't make my ruling based on a narrow interpretation or just looking at the statute. I must look at all the law including equal protection and due process. I'm concerned that another defendant in his same position would have been, or if this defendant had been properly prosecuted and served then he'd be criminally responsible for misdemeanors. And by prosecuting him in this manner he's suddenly elevated to a felony charge. Under the equal protection due process of both California and the United States Constitution, should such a result occur because the District Attorney has failed to prosecute a defendant? [¶] . . . [¶] . . . However, even by mistake or happenstance or negligence or an oversight, should he be punished because of the oversight of the District Attorney from a misdemeanor to a felony?"

The district attorney explained that he was "not looking at it as he's being punished because of his failure to appear or because of the oversight. He's being punished because he has three D.U.I. offenses within seven years." He conceded once again, however, that if defendant had been prosecuted in order, he would have been liable only for misdemeanor driving under the influence.

After taking the matter under submission, the magistrate dismissed counts one and two and instead held defendant to answer to misdemeanor violations

of sections 23152, subdivisions (a) and (b) based on the magistrate's determination that "the prior convictions relied on by the People did not occur within a seven year period of time as required by the statute."

In the superior court, the People filed a "motion to compel magistrate to reinstate the complaint pursuant to PC 871.5," which the court granted. (Full capitalization omitted.) Subsequently, the court set aside the magistrate's dismissal of counts one and two and reinstated the felony charges.

Defendant waived his right to a jury trial on the three prior convictions, which the court found to be true. Defendant then pleaded no contest to counts 2 and 3 and admitted that he had a blood-alcohol level of .20 percent or more at the time of the offense. The People dismissed count 1. Defendant was admitted to probation for five years on various conditions, including that he serve 10 months in county jail. He timely appealed.

DISCUSSION

On appeal, defendant renews his contentions that since he did not have three separate convictions for violating section 23152 within a seven-year period, the evidence is insufficient to elevate the offense to a felony under former section 23175. He also renews his claim that due process and equal protection require that former section 23175 apply only when a defendant's separate offenses occur within the seven-year period described in section 23217.

We begin with a brief history of the legislation that allows recidivist drunk drivers to be treated as felons. In 1983, when former section 23175 was first enacted, the section allowed for enhanced penalties for driving under the influence if the offender had three or more *prior* offenses for driving under the influence *within five years* of the current offense. Due to the use of the word "prior," the statute sometimes resulted in uneven application where a defendant had his cases resolved out of order. An individual who had his fourth driving under the influence conviction resolved *before* his third could not have either offense elevated to a felony. When the fourth was resolved, there were only two *prior* offenses—the first and second. When the third was resolved, again there were only two *prior* offenses as the fourth offense was subsequent, not prior, to the others.

As a result of this unequal treatment, the Legislature in 1984 amended former section 23175 to provide that individuals who committed four or

more "separate violations" of DUI laws within a five-year period[2] of the current offense would be subject to felony treatment. At the same time, the Legislature amended several other DUI recidivist statutes, and it added section 23217, which set forth the legislative intent in enacting the changes.

Section 23217 provides: "The Legislature finds and declares that some repeat offenders of the prohibition against driving under the influence of alcohol or drugs, when they are addicted or when they have too much alcohol in their systems, may be escaping the intent of the Legislature to punish the offender with progressively greater severity if the offense is repeated one or more times *within a seven-year period*. This situation may occur when a conviction for a subsequent offense occurs before a conviction is obtained on an earlier offense.

"The Legislature further finds and declares that the timing of court proceedings should not permit a person to avoid aggravated mandatory minimum penalties for multiple separate offenses occurring *within a seven-year period*. It is the intent of the Legislature to provide that a person be subject to enhanced mandatory minimum penalties for multiple offenses *within a period of seven years*, regardless of whether the convictions are obtained in the same sequence as the offenses had been committed.

"Nothing in this section requires consideration of judgment of conviction in a separate proceeding which is entered after the judgment in the present proceeding, except as it relates to violation of probation.

"Nothing in this section or the amendments to Section 23540, 23546, 23550, 23560, 23566, 23622, or 23640 made by Chapter 1205 of the Statutes of 1984 affects the penalty for a violation of Section 23152 or 23153 occurring prior to January 1, 1985." (Italics added.)

In section 23217, the Legislature made clear its intent that the four separate offenses must occur *within a seven-year period*. Nevertheless, in a somewhat ambiguous application of that legislative intent, former section 23175 provides: "If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three or more separate violations of [any of three enumerated DUI offenses], or any combination thereof, which resulted in convictions, that person shall be punished by imprisonment in the state prison, or in the county jail for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000)." (See Stats. 1991, ch. 1091, § 160, p. 5171.)

---

[2]In 1986, the Legislature amended former section 23175 and section 23217 to increase the period to seven years. (Stats 1986, ch. 1117, §§ 6, 13, pp. 3934, 3937.)

The People contend that section 23152 allows the current offense to be charged as a felony so long as there are three or more convictions that occurred within seven years of the current offense, allowing for the possibility of felony prosecutions in cases where two of the offenses occurred 14 years apart. While we agree that the language of the statute, read in isolation, is amenable to that interpretation, given the clear legislative intent set forth in section 23217, we do not believe that that was what the Legislature had in mind.

Both the People and the defendant rely on *People v. Snook* (1997) 16 Cal.4th 1210 [69 Cal.Rptr.2d 615, 947 P.2d 808] (*Snook*). In *Snook*, the defendant was arrested and charged with misdemeanor drunk driving in April 1992. He made a court appearance the next month, but no further proceedings were held for 22 months. In the meantime, defendant was arrested and convicted for driving under the influence in June 1992, September 1993 and October 1993. At that point, the original misdemeanor complaint on the April 1992 violation was amended to charge a felony violation under former section 23175. The defendant was convicted in a court trial. The Court of Appeal reversed the trial court, concluding that former section 23175 permitted a felony prosecution only for subsequently committed offenses.

The Supreme Court reversed the judgment of the Court of Appeal and affirmed the trial court judgment in its entirety. The court explained that "the Legislature intended to subject repeat DUI offenders to enhanced penalties regardless of the order in which the offenses were committed and the convictions obtained, and the imposition of such a penalty does not violate any constitutional prohibition against ex post facto laws." (*Snook, supra,* 16 Cal.4th at p. 1213.)

The court then extensively discussed the 1984 legislative changes in the statutory scheme for recidivist drunk drivers. By substituting the words "separate violations" for the words "prior offenses" in former section 23175, the court explained, the Legislature sought to ensure that a person be subject to enhanced mandatory minimum penalties for multiple offenses within a period of seven years, regardless of whether the convictions were obtained in the same sequence as the offenses had been committed. These amendments sought to close the loophole that allowed some repeat offenders to avoid enhanced punishment by "pleading guilty to the second, third and fourth offenses before going to trial on the first offense." (*Snook, supra,* 16 Cal.4th at p. 1220.)

In *Snook*, all three of the "separate violations" occurred within a seven-year period. In fact, only 18 months separated the first from the fourth

incident. As a consequence, the court was not presented with the question presented here: whether the "separate offenses" convictions that were each within seven years of the present offense, could themselves be more than seven years apart.

The People contend that former section 23175 is not ambiguous, and cite the following language from *Snook* dealing with statutory construction: "When looking to the words of the statute, a court gives the language its usual, ordinary meaning. [Citations.] If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs. [Citations.]" (*Snook, supra,* 16 Cal.4th at p. 1215.)

However, the court also acknowledged that a clear statement of intent may serve to confirm a statute's plain meaning. (*Snook, supra,* 16 Cal.4th at p. 1219.) And, in fact, the court did look to the entire statutory scheme, including section 23217, in ascertaining the meaning of former section 23175. The court found that former section 23175 "does not require the three or more triggering offenses to precede commission of the DUI offense underlying the present charge. By its terms, the statute requires only that the three or more 'separate violations' which resulted in convictions occurred within seven years of the charged offense. A 'separate' violation is a violation that is 'unconnected; not united or associated; distinct.' (Webster's New Internat. Dict. (2d ed. 1959) p. 2281.) [¶] Moreover, when read in the context of the entire DUI penalty enhancement scheme to which section 23175 belongs, it is clear the term 'separate violations' means . . . ." (*Snook, supra,* 16 Cal.4th at p. 1216.)

The court then observed that the term "separate violation" or "separate violations" had been inserted by the Legislature in all the statutes that increased the penalties for repeat DUI offenders, and it cited and summarized the changes in former sections 23165, 23170, 23185 and 23190. The court said, "If the statutory language is clear and unambiguous, the provision should be applied according to its terms without further judicial construction so long as the literal meaning is in accord with the purpose of the statute;" it also said that "in enacting and amending the language of [former] section 23175 to provide an enhanced penalty on conviction of a DUI offense occurring within seven years of three or more separate DUI violations, the Legislature 'meant what it said.'" (*Snook, supra,* 16 Cal.4th at pp. 1216-1217.) The court thus suggested that it need not examine the Legislature's intent and the entire statutory scheme in this case, but it went on to do precisely that: The court first noted, "In 1984, shortly after the enactment of former section 23175, the Legislature amended that provision and four other DUI penalty enhancement statutes by substituting the words 'separate violations' for 'prior offenses.' (Stats. 1984, ch. 1205, §§ 1-5, pp. 4129-4130.)

[¶] The legislation amending former section 23175 in 1984 also added section 23217 to the Vehicle Code to explain why 'separate violations' replaced 'prior offenses' in former section 23175 and the other enhanced penalty provisions amended in the same act. (Stats. 1984, ch. 1205, § 14, p. 4136.)" (*Snook, supra,* 16 Cal.4th at p. 1217.) The court then quoted the legislative intent set forth in section 23217 in its entirety, which we have quoted above.

As earlier noted, section 23217 states the Legislature's intent to punish repeat DUI offenders "with progressively greater severity if the offense is repeated one or more times *within a seven-year period*. . . . [¶] The Legislature further finds and declares that the timing of court proceedings should not permit a person to avoid aggravated mandatory minimum penalties for multiple separate offenses occurring *within a seven-year period*. It is the intent of the Legislature to provide that a person be subject to enhanced mandatory minimum penalties for multiple offenses *within a period of seven years*, regardless of whether the convictions are obtained in the same sequence as the offenses had been committed." (Italics added.)

We conclude that former section 23175 (now 23550) must be read in conjunction with section 23217. Accordingly, for a fourth DUI offense to be charged as a felony, the offense must be committed within seven years of three or more separate DUI violations resulting in convictions, and all four must occur within a period of seven years.

### DISPOSITION

The judgment is reversed and remanded to the trial court to enter a judgment of a misdemeanor violation of Vehicle Code section 23152, subdivision (b), and for resentencing.

Premo, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied October 4, 2002, and the opinion was modified to read as printed above.