Filed 1/27/16  P. v. Hensley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079067 |
| Plaintiff and Respondent, | (Super. Ct. No. SC054773A) |
| v. | |
| PAUL LOYDE HENSLEY, | |
| Defendant and Appellant. | |

In this appeal we hold the trial court violated the ex post facto clause of the Constitution by imposing a parole revocation fine and a 10-year term for a firearm use enhancement, when, at the time the instant crimes were committed, parole revocation fines had not yet been enacted, and the maximum upper term for a firearm use enhancement was five years.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant Paul Loyde Hensley was convicted in 1994 of:  (a) first degree murder and robbery of Larry Shockley, burglary of his home, and theft of his car; (b) first degree

murder and robbery of Gregory Renouf and burglary of his home; (c) attempted murder and robbery of Stacy Copeland; (d) robbery of Scott Rooker; and (e) escape from county jail. (*People v. Hensley* (2014) 59 Cal.4th 788, 792.) Relevant to this appeal, the jury "also found that defendant used a firearm in the commission of every offense except the burglary and escape charges." (*People v. Hensley*, *supra*, 59 Cal.4th at p. 792; see former Pen. Code[1] § 12022.5, as amended by Stats. 1990, ch. 41, § 3.)

The murders, attempted murder, robberies, burglaries, and vehicle theft were all committed in October 1992. The escape occurred in June 1993. (*People v. Hensley*, *supra*, 59 Cal.4th at pp. 793-794.)

In October 1995, the trial court sentenced defendant to death on the capital murder counts and sentenced defendant on the noncapital offenses. In 2014, our Supreme Court reversed the death sentence due to prejudicial jury misconduct. (*People v. Hensley*, *supra*, 59 Cal.4th at p. 792.) The court also found sentencing errors unrelated to the death sentence, and remanded the matter for retrial on the penalty phase and for resentencing on the noncapital portion of the sentence. (*Id.* at pp. 792, 829.)

In March 2015, after the People elected not to retry defendant's penalty phase, the trial court sentenced defendant to two life terms without the possibility of parole, plus an unstayed total of 40 years eight months. Relevant to this appeal, the sentence included firearm use enhancements (§ 12022.5, subd. (a)) and a suspended $330 parole revocation fine (§ 1202.45), which was reflected in the abstract of judgment.

## DISCUSSION

In October 1992, when defendant committed his crimes, the prescribed additional sentence for a firearm use enhancement was three, four, or five years. (Former § 12022.5, subd. (a), as amended by Stats. 1990, ch. 41, § 3.) In 1994, the terms were

---

[1]     Further undesignated references are to the Penal Code.

changed to three, four, or ten years.  (Stats. 1994, First Ex. Sess. 1994, ch. 31, § 3; see also *People v. Hall* (1994) 8 Cal.4th 950, 954, fn. 3.)  In addition, the Legislature did not authorize parole revocation fines until 1995.  (§ 1202.45, added by Stats. 1995, ch. 313, § 6.)

A statute that retroactively increases the punishment for criminal acts violates the federal and California constitutional prohibitions against the ex post facto application of laws.  (U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9; *Collins v. Youngblood* (1990) 497 U.S. 37, 42-43 [111 L.Ed.2d 30, 38-39]; *People v. Snook* (1997) 16 Cal.4th 1210, 1220-1221.)  Because the upper term for a firearm use enhancement was five years at the time, it was improper to impose a 10-year term.  It was also improper to impose three years four months as one-third of an upper term for a firearm use enhancement, when, in 1992, one-third of the upper term was 20 months.

In addition, it was improper to impose a parole revocation fine when the underlying offense was committed before this fine was enacted.  (*People v. Callejas* (2000) 85 Cal.App.4th 667, 676-678.)

DISPOSITION

The conviction is affirmed.  The sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with this opinion.  In all other respects, the judgment is affirmed.

/s/ _____
Robie,  J.

We concur:


/s/ _____
Blease, Acting P. J.


/s/ _____
Hull, J.