Filed 9/25/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>IROC GALLEGOS,<br><br>    Defendant and Appellant. | F086151<br><br>(Super. Ct. No. PCF372403)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

Audrey R. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Kimberley A. Donohue, and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Iroc Gallegos petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for voluntary manslaughter (§ 192, subd. (a)). The trial court denied the petition at the prima facie stage.

At issue in this appeal is whether petitioner's plea to voluntary manslaughter after the effective date of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), but before the effective date of Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill No. 775), renders petitioner ineligible for section 1172.6 resentencing as a matter of law.

We conclude the date of petitioner's plea renders him ineligible for resentencing pursuant to section 1172.6 because, by the time he entered his plea, he no longer faced potential murder liability under imputed malice theories eliminated by Senate Bill No. 1437.[2] Accordingly, we affirm.

## PROCEDURAL HISTORY

On October 31, 2018, the Tulare County District Attorney filed a complaint charging petitioner with the murder of X.T. (§ 187, subd. (a); count 1), and the attempted murder of M.M. (§§ 187, subd. (a), 664; count 2). The complaint also alleged firearm and gang allegations as to both counts (§§ 186.22, subd. (b)(5), 12022.53. subds. (b)–(d)).

On May 10, 2019, as part of a negotiated disposition, the prosecutor orally amended the complaint to charge voluntary manslaughter on count 1, and to amend the associated gang allegation to reflect a violation of section 186.22, subdivision (b)(1)(C).

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion, except where otherwise noted.

[2] In our initial opinion, we held petitioner's plea entered between the effective dates of Senate Bills Nos. 1437 and 775 did not render petitioner ineligible for resentencing as a matter of law. However, we granted the People's petition for rehearing on this point and now reach a contrary conclusion for the reasons set forth below.

2.

Petitioner then entered a plea of no contest to voluntary manslaughter on count 1 and admitted the gang allegation. The remaining count and allegations were dismissed. Petitioner was sentenced to a stipulated term of 11 years.[3]

On June 28, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed. Petitioner then filed a second petition for resentencing on August 18, 2022. On December 12, 2022, the People filed a "Notice of Ineligibility for Resentencing" (some capitalization omitted), asserting that petitioner could not have been convicted pursuant to a natural and probable consequences theory because he entered his plea after the effective date of Senate Bill No. 1437.

The matter was heard on March 20, 2023, and the court denied the petition "based upon the response filed by the People."

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Relevant here, the bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder. (§ 188,

---

[3] It appears the matter initially was filed in juvenile court. On October 30, 2018, prior to the transfer of the matter to adult criminal court, petitioner accepted the People's offer of a negotiated prison term of six years, with additional terms not stated in the present record on appeal. In relation to that negotiated disposition, petitioner also entered a stipulation to forego a juvenile transfer hearing. Ultimately, defendant requested that the People drop some of the additional terms, for which petitioner agreed to a term of 11 years, rather than the six years initially negotiated.

subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill also amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.) Finally, the bill added former section 1170.95, now section 1172.6, which created a procedure for persons convicted under the former law to seek vacatur of the conviction and resentencing. (*Strong*, at p. 708; *Gentile*, at p. 843.)

In the period immediately following the passage of Senate Bill No. 1437, courts were split as to whether the amendments made by Senate Bill No. 1437 affected offenses other than murder, such as attempted murder. (Compare *People v. Lopez* (Aug. 21, 2019, B271516) opn. ordered nonpub. Nov. 10, 2021, S258175 ["The Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill [No.] 1437 reform is underscored by the language of [former] section 1170.95, the provision it added to the Penal Code to permit individuals convicted before Senate Bill [No.] 1437's effective date to seek the benefits of the new law from the sentencing court."] with *People v. Medrano* (Dec. 3, 2019, F068714, F069260) opn. ordered nonpub. Jan. 26, 2022, S259948 ["Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder."].) Additionally, as originally enacted, former section 1170.95 expressly permitted a petition only from petitioners who were convicted of murder under a felony murder or natural and probable consequences theory and did not provide relief for persons convicted of attempted murder or manslaughter. (Former § 1170.95; see *People v. Sanchez* (2020) 48 Cal.App.5th 914,

917, 920 [applying the former law]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 886 [same].)

However, effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95 to expand the categories of offenders eligible to petition for resentencing. Now, persons convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter" may file a petition for resentencing. (§ 1172.6, subd. (a); see former § 1170.95, subd. (a).) One purpose of the bill was to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

The section 1172.6 petition process "begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)) . . . ." (*Strong, supra*, 13 Cal.5th at p. 708.) Those requirements are, first, "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; second, "The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and, third, "The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

## II.    Standard of Review

The question presented in this appeal – whether a defendant convicted of manslaughter after the effective date of Senate Bill No. 1437 can obtain resentencing under section 1172.6 – is a question of statutory interpretation.

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.)

Consistent with the foregoing, we "focus on the statute itself before examining legislative findings or legislative history." (*People v. Burgos* (2024) 16 Cal.5th 1, 25.) However, " ' "[i]f the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." ' [Citation.] When more than one statutory construction is arguably possible, our policy is ' "to favor the construction that leads to the more reasonable result." [Citation.] This policy derives largely from the presumption that the Legislature intends reasonable results consistent with the apparent purpose of the legislation. [Citation.] Thus, our task is to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes'

general purpose, and to avoid a construction that would lead to unreasonable, impractical, or arbitrary results.' " (*Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 804.)

## III.    Analysis

The question presented in the instant case recently was resolved in *People v. Lezama* (2024) 101 Cal.App.5th 583 (*Lezama*).  There, the Court of Appeal determined the section 1172.6 procedure did not apply to a defendant convicted of manslaughter after the effective date of Senate Bill No. 1437.  The court noted that section 1172.6 has three statutory criteria for resentencing:  " '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]  [¶]  (2) [t]he petitioner was convicted of . . . manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;]  [¶]  (3) [t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019.' " (*Lezama*, at p. 588, quoting § 1172.6, subd. (a).)  The court determined that the language of the last of these criteria was ambiguous:  "The notion that someone could not presently be convicted of murder or attempted murder because of changes made by Senate Bill [No.] 1437 implies that at one point in time the circumstances were different.  But the statute does not specify the temporal point of contrast.  On one hand, . . . it could be the time of filing of an information charging murder which left open the possibility the prosecution could employ an imputed malice theory.  On the other hand, . . . it could be the time of the trial or plea which resulted in the conviction." (*Lezama*, at pp. 588–589.)

Ultimately, the court concluded the legislative history of the statute "reveal[ed] the Legislature's aim in the manslaughter context was to make relief available to [petitioners]

7.

who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice." (*Lezama*, *supra*, 101 Cal.App.5th at p. 590.) For example, "[a] Senate Committee on Public Safety report summarizing the purposes of Senate Bill [No.] 775 states the statutory revisions clarify 'that a person . . . who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine . . . [may] apply to have their sentence vacated and be resentenced.' (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021–2022 Reg. Sess.) as amended Feb. 19, 2021, p. 3; accord, Sen. Floor 3d Reading Analysis, *supra*, p. 3 [same].)" (*Lezama*, at p. 589.) The court therefore determined that, "in the manslaughter plea context, the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction— i.e., the time the plea was entered—the only way to a murder conviction was through an imputed malice theory." (*Id.* at p. 590.) Accordingly, resentencing is unavailable to a person who "pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated." (*Ibid*.; accord, *People v. Reyes* (2023) 97 Cal.App.5th 292, 296 (*Reyes*) [holding that § 1172.6 resentencing is not available where the petitioner entered a plea to murder after the effective date of Sen. Bill No. 1437].)

Here, petitioner entered his plea in 2019, after the effective date of Senate Bill No. 1437, and after the now-invalid theories of murder liability were eliminated. At the time his plea was entered, the prosecution could no longer pursue a murder conviction through an imputed malice theory.[4] Thus, as in *Lezama*, petitioner cannot show that he

---

[4] Petitioner argues the relevant date is not the date on which the plea was entered, but rather the date it was negotiated. We disagree for the reasons stated in *Lezama*. Additionally, the instant case illustrates why such approach is inappropriate: although the disposition was negotiated in October 2018, it was renegotiated some time thereafter. Petitioner could have withdrawn from the negotiated agreement once imputed malice

"could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3); accord, *Lezama*, *supra*, 101 Cal.App.5th at p. 590; *Reyes*, *supra*, 97 Cal.App.5th at p. 298.) Accordingly, he is ineligible for resentencing as a matter of law.

Nevertheless, petitioner suggests the foregoing reasoning is inapplicable in his case because, in addition to the charge of murder on which he pled to the lesser offense of voluntary manslaughter, he also faced a charge of attempted murder. As stated, at the time petitioner entered his plea, the law was unsettled as to the impact of Senate Bill No. 1437 on the offense of attempted murder. Thus, petitioner argues, he could have faced attempted murder liability under a now-invalid theory had he proceeded to trial in lieu of entering a plea to voluntary manslaughter in 2019. He therefore contends he met his prima facie burden by alleging he could not be convicted of *attempted murder* due to "changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Petitioner's argument has a modicum of facial appeal. As stated, section 1172.6 requires that a petitioner "was convicted of murder, attempted murder, or manslaughter following a trial or *accepted a plea offer in lieu of a trial* at which the petitioner could have been convicted of murder or *attempted murder*." (§ 1172.6, subd. (a)(2), italics added.) Count 2 alleged petitioner had committed attempted murder, and this count was dismissed as a result of petitioner's negotiated plea. Thus, petitioner's plea arguably satisfies subdivision (a)(2) of section 1172.6: he entered a plea to voluntary manslaughter in lieu of a trial at which he could have been convicted of attempted murder on count 2 under a now-invalid theory (as well as murder on count 1 under a valid theory).

theories of murder were eliminated. Instead, he entered his plea on May 10, 2019, after the effective date of Senate Bill No. 1437.

However, this argument fails when section 1172.6, subdivision (a)(2) is read in the context of the statute as a whole. The focus of section 1172.6 is on the individual conviction at issue: Subdivision (a) permits the court to vacate "the petitioner's murder, attempted murder, or manslaughter conviction" when the requirements of section 1172.6, subdivision (a)(1) through (3) are met. Subdivision (d)(1) requires the court to hold a hearing following issuance of an order to show cause, to determine whether to vacate "the murder, attempted murder, or manslaughter conviction." And, subdivision (d)(3) requires the court to vacate "the prior conviction" if the prosecution fails to meet its burden of proof. The foregoing provisions evidence a statutory purpose to provide relief for specific convictions obtained under a now-invalid theory of liability, and not based on dismissed charges separate and apart from the conviction at issue.

Additionally, at the section 1172.6 evidentiary hearing, the prosecution must prove beyond a reasonable doubt that the petitioner "is guilty of murder or attempted murder" under current law. (§ 1172.6, subd. (d)(3).) However, petitioner's reasoning would permit the court to uphold a conviction for voluntary manslaughter upon proof beyond a reasonable doubt that the petitioner is guilty of attempted murder on a separate, unrelated, and dismissed count. Again, the structure of the statute, which provides relief on individual counts of conviction obtained under a now-invalid theory, does not support such interpretation.

Finally, to the extent section 1172.6, subdivision (a)(3) is ambiguous regarding how the statute should apply in circumstances where the petitioner faced no invalid theories of liability on the count of conviction but could have been prosecuted on invalid theories on other counts, we may look to the legislative history of section 1172.6 for guidance in determining the Legislature's purpose. That history suggests the Legislature intended section 1172.6 to apply to those petitioners who entered a plea to manslaughter only if, at the time the plea was entered, the only way *to a charged murder conviction* was through an imputed malice theory eliminated by Senate Bill No. 1437. (Stats. 2021,

10.

ch. 551, § 1, subd. (a) [clarifying "that persons who were convicted of . . . manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"]; (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021–2022 Reg. Sess.) as amended Feb. 19, 2021, p. 3 [clarifying "that a person . . . who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine . . . [may] apply to have their sentence vacated and be resentenced"].)  The legislative history does not support an inference that the Legislature intended relief to be available if the prosecution could have proceeded on an invalid imputed malice theory on unrelated and dismissed counts.

In sum, petitioner entered his plea at a time when imputed malice theories of murder liability had been eliminated and he therefore cannot show that he "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)  Accordingly, he is ineligible for resentencing as a matter of law and the petition was properly denied.

## DISPOSITION

The order denying the petition is affirmed.


DETJEN, J.

WE CONCUR:


POOCHIGIAN, Acting P. J.


MEEHAN, J.

11.