*611 MEMORANDUM *
Jenna Hall appeals the district court’s grant of summary judgment to Officer Jeremy Miskella and the City of Fremont. We have jurisdiction under 28 U.S.C. § 1291.
The district court erred in holding that the “undisputed facts” established that Officer Miskella had probable cause to detain Hall pursuant to section 5150 of the California Welfare & Institutions Code. According to Hall, after Officer Miskella had spoken to her ailing husband and verified that there was, in fact, no suicide risk in the house, he knelt down next to Hall, who was working at her computer, held out his business card, and “whispered in a very soft voice, ‘If you ever need help, don’t hesitate to call me, I’ll be there.’ ” As she explained in her deposition testimony, Hall interpreted this gesture as a come-on, and whispered in turn “I’d rather kill myself than call you,” by which she meant “Butt off.” Taking Hall’s version of the facts as true, this statement, in the overall context of her encounter with Officer Miskella, would not “lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and a danger to ... herself.” People v. Triplett, 144 Cal.App.3d 283, 287-88, 192 Cal.Rptr.537 (1983). At the very least, there is a genuine issue of material fact as to whether Officer Miskella had probable cause to detain her.
The district court did not err in holding that Officer Miskella is entitled to qualified immunity as to Hall’s claims under 42 U.S.C. § 1983. The Supreme Court has “repeatedly told courts ... not to define clearly established law at a high level of generality.” Ashcroft v. Al-Kidd, - U.S. -, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011). We are aware of no case that would preclude a reasonable officer from believing there was probable cause to detain a person who alluded to committing suicide. Cf. Stoot v. City of Everett, 582 F.3d 910, 922 (9th Cir.2009) (granting qualified immunity where plaintiffs did not cite “a single case squarely holding that an officer cannot rely” on a particular victim’s statements in making an arrest); F.E. Trotter v. Watkins, 869 F.2d 1312, 1316 (9th Cir.1989) (finding that a violation could not be clearly established where no case had held so previously); see also Bias v. Moynihan, 508 F.3d 1212, 1220 (9th Cir.2007) (holding that a reasonable officer could have believed there was probable cause to detain a person under section 5150 after she alluded to committing suicide, despite her protest that the officer should have known the allusion was merely hyperbole). While the dissent discounts Hall’s statement as “flip” and sarcastic, McKeown, J., dis. op. at 614, 615, the Supreme Court has warned us to “be cautious about second-guessing a police officer’s assessment, made on the scene, of the danger presented by a particular situation.” Ryburn v. Huff, — U.S. -, 132 S.Ct. 987, 991-92, 181 L.Ed.2d 966 (2012). Nor was Officer Miskella’s decision to grab Hall by the arm and send her to the hospital for an examination based on her statement “so patently violative of [her] constitutional right that [a] reasonable official[ ] would know without guidance from the courts that the action was unconstitutional.” Boyd v. Benton Cnty., 374 F.3d 773, 781 (9th Cir.2004). “The qualified immunity standard ‘gives ample room for mistaken judgments’ by protecting ‘all but *612 the plainly incompetent or those who knowingly violate the law.’” Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting Malley v. Briggs, 475 U.S. 385, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).
The district court erred in granting Officer Miskella immunity from Hall’s state law claims. Section 5278 of the California Welfare & Institutions Code provides immunity only where a detention under section 5150 is supported by probable cause. See Jacobs v. Grossmont Hosp., 108 Cal.App.4th 69, 76, 133 Cal.Rptr.2d 9 (2003). Similarly, the plain text of section 856(a) of the California Government Code applies only to detentions, or decisions made in the process of detention, which are made “in accordance with any applicable enactment,” meaning, in this case, in accordance with section 5150 of the California Welfare & Institutions Code. Because Officer Miskella did not have probable cause to detain Hall under section 5150, the detention was not “in accordance with” that section, and thus neither section 5278 or section 856(a) provides immunity for Officer Miskella. To the extent Officer Miskella could have immunity under section 856(b) for “carrying out with due care” a determination that is not entitled to immunity under section 856(a), there are genuine issues of material fact as to whether he acted with due care in pulling Hall out of her house and transporting her to the hospital, and therefore it would be improper to dismiss any claims against Officer Miskella on section 856(b) grounds. Finally, section 820.2 of the California Government Code does not provide immunities to officers for their decisions to detain or arrest a suspect, and so does not help Officer Miskella. See Liberal v. Estrada, 632 F.3d 1064, 1084-85 (9th Cir.2011). Because the district court erred in concluding that these state statutes provided immunity to Officer Miskella, it also erred in concluding that the City of Fremont was immune under section 815.2 of the California Government Code. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 921-22 (9th Cir.2001).
Accordingly, we affirm the district court’s grant of qualified immunity to Officer Miskella as to Hall’s federal claims under 42 U.S.C. § 1983. We remand Hall’s state law claims for assault and battery, intentional infliction of emotional distress, and false arrest and imprisonment to the district court for further consideration in light of this disposition. The parties shall bear their own costs on appeal.
AFFIRMED IN PART; REVERSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.