Filed 8/5/24  P. v. Anderson CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>RENARD DUANE ANDERSON,<br><br>　　Defendant and Appellant. | F087199<br><br>(Super. Ct. No. BF159125A)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2015, defendant Renard Duane Anderson pleaded guilty to residential burglary (Pen. Code, § 460, subd. (a)) and admitted a prior prison enhancement (§ 667.5, former subd. (b)).  (Undesignated statutory references are to the Penal Code.)  He was sentenced

to a low term of two years for the burglary pursuant to the plea agreement plus an additional one year for the prison prior enhancement.

In 2023, defendant filed a petition for resentencing pursuant to section 1172.75 regarding his 2015 conviction, asking the court to strike his section 667.5, former subdivision (b) enhancement. The parties do not dispute that when he filed his petition, defendant was incarcerated for a new offense. The court concluded defendant was ineligible for resentencing from his 2015 conviction because he had already served his term for that conviction; accordingly, it declined to take action. Defendant appeals from the resentencing order, asserting the court erred in failing to strike his section 667.5, former subdivision (b) enhancement.

We affirm.

## FACTUAL AND PROCEDURAL HISTORY

### *Plea and Original Sentence*

In February 2015, a complaint was filed against defendant and codefendant Israel Perez Torres alleging they committed a residential burglary on or about November 13, 2014 (§ 460, subd. (a); count 1) and that defendant had previously suffered three prior prison terms within the meaning of section 667.5, former subdivision (b). In March 2015, defendant pleaded no contest to the residential burglary charge (count 1) and admitted one of the section 667.5, former subdivision (b) prison prior allegations; the other two section 667.5, former subdivision (b) allegations were stricken as part of the plea. In accordance with the plea agreement, in May 2015, the court sentenced defendant to the low term of two years for the burglary charge, plus one additional year for the prison prior enhancement.

### *Court Denies Defendant's Section 1172.75 Petition for Resentencing*

In November 2023, defendant filed a form petition for resentencing under section 1172.75 asking the court to strike the section 667.5, former subdivision (b) prison prior enhancement and to resentence him to a term of two years. The court held a hearing on

2.

November 17, 2023, during which it concluded defendant was not eligible for relief under section 1172.75. That day, a letter from the probation department was filed with the court stating, based upon defendant's sentence of three years, "it is believed the sentence is deemed served although, the defendant is currently in custody on unrelated matters." Nevertheless, the probation department recommended the section 667.5, former subdivision (b) enhancement be dismissed on the grounds it is "now legally invalid."

Before rendering its order, the court stated, "It is probation's belief, and the Court's as well, given the date of the sentence and the three-year sentence that the defendant has completed his sentence at this time and therefore does not qualify for resentencing." The prosecutor stated, after emailing with the California Department of Corrections and Rehabilitation (CDCR), they stated defendant is "pretty much done serving this current case, but he's serving his next case. But all the cases will still show up as one commitment until he's paroled. So if you look him up, he's still in [CDCR] on this case as well as the other cases. He's already served that portion of his commitment."

Defense counsel asserted, "reducing it by the one year makes a difference, because depending upon when the in-prison offense occurred, he would get credits sooner on that in-prison offense when the sentence on this case is reduced by a year." She argued, "we should dismiss the 667.5(b) and just leave everything else the same" "for precaution and to make the record clear."

Initially, the court stated it could "proceed with that," but it was "not changing anything else" as "[t]here's nothing to change." But the prosecutor argued, "regardless of whether it would benefit him or not, if he's ineligible because he served his commitment, he's ineligible." The court ultimately agreed, noting "the law says that you have to be serving a commitment for the current offense in order to qualify for resentencing, which CDCR has advised probation that he is not serving this sentence." Rather, defendant was in custody because "he picked up a new case." The court concluded, "[B]ecause

3.

probation has received information from CDCR that the defendant has completed his sentence in this case, the Court finds that the defendant is not eligible for resentencing as a matter of law and no further action will be taken by the court." Accordingly, it denied defendant's petition for recall and resentencing.

## DISCUSSION

Defendant argues the court erred in failing to strike his prison prior enhancement. We disagree.

### I. Standard of Review

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.' [Citation.]" (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.) "'We must look to the statute's words and give them their usual and ordinary meaning.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.) "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*Snook*, at p. 1215.)

### II. Passage of Senate Bill No. 483 and Enactment of Section 1172.75

In October of 2021, the Governor signed Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. Section 1172.75 establishes a mechanism to provide certain affected defendants an avenue for relief from now invalid prison prior enhancements.

Section 1172.75, subdivision (a) declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for

4.

any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."  Subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody *currently serving a term for a judgment*" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement.  (§ 1172.75, subd. (b), italics added.)  After the court receives from the CDCR and the county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the *current judgment* includes a sentencing enhancement described in subdivision (a)."  (§ 1172.75, subd. (c), italics added; see Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 (which amended section 667.5, subdivision (b)) … to all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*" (italics added)].)  "If the court determines that the *current judgment* includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c), italics added.)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

### III.    Analysis

Defendant contends the court erred in refusing to strike his prior prison enhancement.  He concedes, at the time he filed the motion for resentencing under section 1172.75, "he was in state prison custody based upon a new offense committed while incarcerated and presumably while serving the sentence on the underlying case."  But, he contends the court erred in failing to take action as to the now invalid prison prior "even though the term on that sentence may have been completed."[1]  He asserts the "prior still created a burden on [him] as his current in-custody status was based upon an offense committed in prison and ordered to run consecutive to the previous term which included the 667.5(b) prison prior."  And the striking of the prison prior enhancement under section 1172.75, subdivision (a) "would benefit [him] to the extent that an additional year of credits would be awarded on the new case for which he was now serving a sentence."  He acknowledges section 1172.75, subdivision (c) provides a mechanism for the CDCR to identify those individuals currently serving a sentence that includes one or more prison priors under section 667.5, former subdivision (b), and to notify the court.  But, he contends "it does not in any way change the clear language of subdivision (a) making a one-year prior, except for a violent sex offense, legally invalid."  The People respond the court lacked jurisdiction to resentence defendant because there was no evidence CDCR identified him as an eligible individual, and, when defendant filed his resentencing petition in September 2023, he was no longer serving his prison term for the underlying matter.  Alternatively, they contend the court properly denied the petition because defendant had already served the sentence in this matter that included the prior prison enhancement.  On reply, defendant argues he likely does not appear on a CDCR list because he is not currently serving a term for a sentence that includes a prison prior

---

[1]Defendant also argues the parties agreed the prison prior enhancement should have been stricken, but the court declined to do so.  However, this is refuted by the People.  Defendant's contention is not supported by the record, which reflects the prosecutor urged the court to conclude defendant was ineligible for relief below.

enhancement, but it is undisputed his prison prior related to his 2015 conviction is now invalid. As we explain, the trial court did not err in declining to resentence defendant.

"In general, '"once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence."'" (*People v. Cota* (2023) 97 Cal.App.5th 319, 329; accord, *People v. King* (2022) 77 Cal.App.5th 629, 634; *People v. Howard* (1997) 16 Cal.4th 1081, 1089.) "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*People v. King*, *supra*, at p. 634.) "[T]he 'unauthorized sentence' rule is an exception to the waiver doctrine, not to the requirement that a court must have jurisdiction before it may act." (*Ibid*.) An unauthorized sentence "may be challenged at any time, even after a judgment of conviction has become final, and even if the judgment has already been affirmed on appeal. [Citation.] However, 'to invoke this rule the court must have jurisdiction over the judgment.'" (*People v. King*, *supra*, at p. 635; accord, *In re G.C.* (2020) 8 Cal.5th 1119, 1129–1130.) The unauthorized sentence "doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence." (*People v. King*, *supra*, at p. 637.)

Section 1172.75 provides a process for recall of certain sentences rendered invalid by Senate Bill 483 and for the resentencing of eligible individuals. (See *People v. Cota*, *supra*, 97 Cal.App.5th at p. 330.) "The resentencing process begins with corrections officials: 'The Secretary of the [CDCR] and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)" (*Cota*, at p. 330.) "Receipt of information from corrections officials regarding a defendant's resentencing eligibility triggers review by the trial court: 'Upon receiving the

7.

information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Cota*, at p. 330.)

Following briefing by the parties, an additional augmented confidential clerk's transcript filed by the clerk of the Superior Court of Kern County establishes the CDCR identified defendant as potentially eligible for resentencing in 2022 and provided this identification to the Superior Court of Kern County (received Feb. 24, 2022) before the November 2023 hearing during which the court considered and rejected defendant's petition to recall and resentence pursuant to section 1172.75. "[W]hen the [CDCR] provided this identification to the trial court, it triggered the trial court's review and resentencing obligations under section 1172.75, subdivision (b) thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment." (*People v. Cota*, *supra*, 97 Cal.App.5th at p. 332.) "Once the trial court received that identification information from the [CDCR], it had authority over the matter and was statutorily authorized to act." (*Id*. at pp. 332–333.)

However, as the parties agree and the trial court found, defendant is *not* "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b).) Thus, it appears the CDCR's identification of defendant on its list was erroneous.

Nevertheless, under the plain language of section 1172.75, subdivision (c), before the trial court may recall a sentence and resentence a defendant pursuant to section 1172.75, it must verify the "current judgment includes a sentencing enhancement described in subdivision (a)." And here, the trial court concluded defendant was not entitled to have his sentence recalled and be resentenced because he was not currently serving a term for imprisonment that included a now invalid prison prior enhancement.

8.

We agree with the trial court's conclusion.  Subdivisions (b) and (c) of section 1172.75 must be read together such that the phrase "current judgment" in subdivision (c) must be interpreted as referring to the judgment for which the defendant is "currently serving a term."  (See *People v. Zambia* (2011) 51 Cal.4th 965, 978 ["'[t]he words of [a] statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible'"]; see generally *People v. Christianson* (2023) 97 Cal.App.5th 300, 312 [concluding "[i]t does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements"], review granted Feb. 21, 2024, S283189.)  Said differently, the plain language of section 1172.75 coupled with its legislative history support a conclusion the trial court is tasked with determining whether CDCR correctly identified the defendant as an eligible individual and, if so, to then recall and resentence the defendant.  (See *Christianson*, *supra*, at p. 312 [concluding the word "verify" suggests sentencing court is verifying the CDCR's identification]; Sen. Com. on Pub. Safety, Rep. on Sen. Bill No. 483 (2021-2022 Reg. Sess.) as amended Mar. 3, 2021, p. 2 ["*This bill* states … it is the intent of the Legislature to retroactively apply … Senate Bill 136 … to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"]; see also *id.* at p. 6 ["The bill provides a mechanism for persons currently incarcerated to have their cases brought before the sentencing court so that the court can delete the affected enhancements from the person's sentence"].)

And here, the parties do not dispute defendant is *not* currently serving a term of incarceration for the conviction in this matter that includes the now invalid prison prior enhancement, nor was he serving such a judgment when he filed his motion for

9.

resentencing. Thus, the court did not err in declining to recall and resentence him on the grounds he was ineligible for relief under the plain language of section 1172.75 because his "current judgment," i.e., the term for which he is currently serving a term of imprisonment, does not include a now invalid prison prior enhancement.

At least one other court has reached the same conclusion. In *People v. Escobedo* (2023) 95 Cal.App.5th 440, the Second Appellate District, Division Six, explained why the merits of the appellants' similar claims to those here would be rejected. (*Id.* at pp. 451–452.) There, the appellants (Escobedo and Chavira), were sentenced consecutively to their original prison commitments for crimes committed in prison while serving their original sentences for convictions in 2015 (Chavira) and 2016 (Escobedo). (*Id.* at pp. 446–447.) As here, those original sentences had been completed by the time they filed their petitions under section 1172.75. (*Escobedo*, at p. 447.) On appeal, they contended the trial court erred by denying their petitions to strike their section 667.5, former subdivision (b) prison prior enhancements pursuant to section 1172.75. (95 Cal.App.5th at p. 444.)

The appellate court dismissed the appeal on the grounds the trial court (and consequently the appellate court) lacked jurisdiction to rule on the appellant's section 1172.75 petitions.[2] (*People v. Escobedo*, *supra*, 95 Cal.App.5th at pp. 447–451.) The court, however, also concluded that on the merits, "the claim would fail because their

___

[2]Specifically, the court dismissed the appeal for lack of jurisdiction, concluding the trial court lacked jurisdiction to rule on the appellants' "freestanding" section 1172.75 resentencing petitions to correct their final convictions. (*People v. Escobedo*, *supra*, 95 Cal.App.5th at pp. 447–449; cf. *People v. Cota*, *supra*, 97 Cal.App.5th at p. 333 [disagreeing with *Escobedo* "to the extent that case suggests that a court lacks jurisdiction to resentence a defendant who has been identified by the [CDCR] as eligible for resentencing pursuant to section 1172.75 simply because that defendant also has filed a motion for such relief," concluding "the motion does not deprive the court of the jurisdiction otherwise afforded to it"].) However, alternatively, the *Escobedo* court also rejected the merits of the appellants' claims they were entitled to recall and resentencing pursuant to section 1172.75 on the grounds their "current judgments" did not include a prior prison enhancement. (*Escobedo*, at pp. 449, 451–452.)

'current judgments,' i.e., the judgments for the offenses they committed while in prison for the earlier 2015 and 2016 convictions, do not include a prior prison term enhancement." (*Id.* at p. 451.) The *Escobedo* court explained, "[T]he prior prison term enhancements for the 2015 and 2016 convictions did not carry over to the consecutive sentences imposed for the new in-prison offenses." (*Ibid.*) Rather, "'the two terms are treated as separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense.'" (*Id.* at p. 452, quoting *In re Tate* (2006) 135 Cal.App.4th 756, 764–765.)

We agree with the *Escobedo* court's reasoning. Defendant's prison prior enhancement, for which he already served a term in conjunction with the sentence for his 2015 conviction, does not carry over to the additional sentence he received for the new offense. Rather, these two terms are distinct; the term for defendant's new offense began when defendant completed the term for his out-of-prison offense. And because there is no evidence defendant's "current judgment" includes a now invalid section 667.5, former subdivision (b) enhancement, the court did not err in declining to recall and resentence him under section 1172.75.

Accordingly, we reject defendant's contention.

## DISPOSITION

The order is affirmed.

PEÑA, J.

WE CONCUR:

DETJEN, Acting P. J.

FRANSON, J.

11.