Filed 12/1/25  P. v. Bryant CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAMUEL XAVIER BRYANT,<br><br>    Defendant and Appellant. | F088833<br><br>(Super. Ct. No. BF140718A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric Christoffersen, Christina Simpson, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Samuel Xavier Bryant petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his convictions for first degree murder and premeditated attempted murder.  The court conducted an evidentiary hearing and denied the petition on the ground petitioner was the actual shooter.

Petitioner argues the court prejudicially erred when it failed to redetermine the degree of murder and attempted murder petitioner had committed.

We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 16, 2012, Jacob Ramirez was fatally shot outside the apartment building where he and petitioner both lived.  Emanuel G. testified that he encountered petitioner and petitioner's uncle (and later codefendant) Joseph Hendrix looking for Ramirez at the apartment building on the day of the shooting.  Soon thereafter, Ramirez exited the apartment and engaged in a fight with petitioner and Hendrix.

Emanuel attempted to break up the fight; meanwhile, petitioner's mother and sister attempted to join in the fight.  Petitioner and his mother were knocked to the ground but petitioner got back up.  Emanuel heard approximately six shots ring out and saw petitioner shooting a gun.  Emanuel was shot once and ran away.  Ramirez's mother saw petitioner firing a gun at Ramirez while Ramirez was on the ground.  However, petitioner's mother testified that Ramirez punched petitioner and knocked him out at the outset of the fight, right before she heard shots being fired.  Police officers acknowledged that Emanuel initially was only "85 percent sure" of his identification of petitioner in a

---

[1] Undesignated statutory references are to the Penal Code.  Former section 1170.95 has been renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We refer to the current section 1172.6 in this opinion.

photographic lineup. Additionally, Ramirez's mother initially stated to law enforcement that she could not determine which of the two individuals involved fired the weapon.

"On July 3, 2012, [petitioner] and . . . Hendrix were charged in the murder of . . . Ramirez and the shooting of [Em]anuel . . . . Following a jury trial, [petitioner] was convicted of first degree murder (count 1; . . . § 187, subd. (a)), premeditated attempted murder (count 2; §§ 664/187, subd. (a)), two counts of assault with a semiautomatic firearm (counts 3 & 4; § 245, subd. (b)), discharging a firearm at an inhabited dwelling (count 5; § 246), and active participation in a criminal street gang (count 6; § 186.22, subd. (a)). Enhancements under section 12022.53, subdivisions (d) and (e)(1) applied to counts 1 and 2; enhancements under section 12022.7 applied to counts 2, 3, and 4; enhancements under sections 12022.5, subdivision (a) and 186.22, subdivision (b)(1) applied to counts 3 and 4; and an enhancement under section 12022.53, subdivisions (c) and (e)(1) applied to count 5. [Petitioner], a juvenile, was sentenced to an aggregate term of 82 years to life in prison, and the trial court imposed additional fines and fees.

"Following that same trial, Hendrix was found guilty of second degree murder (count 1; § 187, subd. (a)), attempted murder (count 2; §§ 664/187, subd. (a)), two counts of assault with a semiautomatic firearm (counts 3 & 4; § 245[,] subd. (b)), discharging a firearm at an inhabited dwelling (count 5; § 246), and active participation in a criminal street gang (count 6; § 186.22, subd. (a)). Enhancements under section 12022.53, subdivisions (d) and (e)(1) applied to counts 1 and 2; enhancements under sections 12022.7 and 186.22, subdivision (b)(1) applied to counts 2, 3, and 4; an enhancement under [section] 12022.5, subdivision (a) applied to counts 3 and 4; and an enhancement under section 12022.53, subdivisions (c) and (e)(1) applied to count 5. Hendrix was sentenced to an aggregate term of 72 years to life in prison, and the trial court imposed additional fines and fees." (*People v. Bryant* (Dec. 12, 2014, F066725) [nonpub. opn.], fn. omitted.)

On June 24, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6. The court determined the record established petitioner was ineligible for resentencing as a matter of law. On appeal, this court reversed and remanded with directions to issue an order to show cause. (*People v. Bryant* (Feb. 9, 2024, F085387) [nonpub. opn.].)

On remand, the People argued petitioner was ineligible for resentencing because the evidence showed beyond a reasonable doubt that he was the actual shooter. Petitioner argued that, should the People satisfy their burden at the evidentiary hearing, his murder conviction must be reduced from first degree to second degree murder because the jury may have relied on the natural and probable consequences doctrine to convict him of first degree murder. He further argued the jury may have relied on an invalid kill zone theory to find him guilty of attempted murder, and the evidence did not support a valid kill zone theory of attempted murder.

At the evidentiary hearing, the court received into evidence a disc containing the transcripts from petitioner's trial. No other evidence was admitted. The court found petitioner was the actual killer and actual shooter, and that the People had proved beyond a reasonable doubt that he is guilty of murder and attempted murder. The court found petitioner ineligible for resentencing on that basis. Because petitioner was ineligible for resentencing, the court concluded it did not have jurisdiction to reduce the conviction from first degree murder to second degree murder.

## DISCUSSION

### I.     Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person

4.

was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Arellano* (2024) 16 Cal.5th 457, 467–468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).) Now, " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the qualifying conviction. (§ 1172.6, subds. (c), (d)(1).)

At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached

to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

## II. Standard of Review

"Ordinarily, a trial court's denial of a section 1172.6 petition [following an evidentiary hearing] is reviewed for substantial evidence." (*People v. Reyes* (2023) 14 Cal.5th 981, 988.) However, "[t]he proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.)

## III. Analysis

Petitioner does not challenge the court's determination that he is guilty of murder and attempted murder or its denial of his petition for resentencing on that basis. Rather, petitioner argues the court prejudicially erred in failing to redetermine the *degree* of murder and attempted murder he committed because the jury may have based its premeditation findings on an imputed malice theory invalidated by Senate Bill No. 1437. As petitioner acknowledges, however, at least two appellate courts have rejected this argument.

In *People v. Gonzalez* (2023) 87 Cal.App.5th 869, 880, the petitioners argued the court erred in denying their petitions for resentencing pursuant to section 1172.6 "without reducing [their] first degree murder conviction[s] to second degree murder because the court did not find [they] satisfied the elements of deliberate and premeditated first degree murder." More specifically, the petitioners argued "that even when the prosecution proves a defendant is guilty of murder beyond a reasonable doubt, section 1172.6

6.

nevertheless requires a trial court to reduce a first degree murder conviction to second degree murder if it did not find the defendant committed the murder with deliberation and premeditation." (*People v. Gonzalez*, *supra*, at p. 880.)  The appellate court disagreed, holding that the plain language of section 1172.6 "does not contain a mechanism for a trial court to reduce a first degree murder conviction to second degree murder." (*People v. Gonzalez*, *supra*, at p. 880.)  Rather, "under section 1172.6, a trial court has two options in adjudicating a resentencing petition:  Deny the petition and leave in place the murder conviction or grant the petition and vacate the murder conviction and resentence the defendant on the remaining charges or target offense or underlying felony." (*Id.* at p. 881.)

In *People v. Didyavong* (2023) 90 Cal.App.5th 85, 89, the petitioner was convicted of first degree murder and later petitioned for resentencing pursuant to section 1172.6. Following an evidentiary hearing, the trial court found the People had proved beyond a reasonable doubt that the petitioner was guilty of second degree implied malice murder and denied the petition. (*People v. Didyavong*, *supra*, at p. 89.)  On appeal, the petitioner argued the court should have reduced the count to second degree murder and resentenced him. (*Ibid.*)  The appellate court noted "[t]he statute does not detail eligible degrees of murder," and the language of the statute is "reasonably clear," inasmuch as it "treats all murder as a single, generic crime and requires resentencing when a defendant could not now be convicted of murder, generically." (*Id.* at p. 96.)  Like the court in *Gonzalez*, the court held "the statute provides no mechanism for the court to *reduce* a first degree murder conviction to second degree." (*Ibid.*)  The court further opined, "It seems significant that if the defendant did not commit murder [or attempted murder] under the amended section 188 or 189, section 1172.6 does not allow the People to retry the defendant on a lesser homicide offense even if the evidence would support it.  Thus, the statute would appear to achieve rough justice rather than perfect justice under the revised law.  But if the Legislature intended to ensure that no defendant remains convicted of a

crime greater than what he or she would be guilty of under the revised statutes, it is free to amend section 1172.6 to say so." (*Id.* at p. 97.)

We agree with *Gonzalez* and *Didyavong* that the language of section 1172.6 is clear and authorizes only two actions. If the court finds the prosecution has met its burden of proof and the petitioner is guilty of murder or attempted murder under current law, the petitioner is ineligible for relief and the trial court must deny the petition. (§ 1172.6, subd. (d)(3).) If, however, the prosecution fails to sustain its burden of proof, the court must vacate the conviction and resentence the petitioner on the remaining charges and must redesignate the murder conviction as a target offense or underlying felony, if applicable. (§ 1172.6, subds. (d)(3), (e).) The statute does not permit, let alone require, a court to reduce a first degree murder conviction to second degree murder or to reevaluate a jury's determination that an attempted murder was premeditated.

Accordingly, the court did not err in failing to redetermine the degree of murder or attempted murder petitioner committed. Once the court determined the People met their burden of proof and petitioner is guilty, its only option was to deny the petition and leave in place the first degree murder and premeditated attempted murder convictions.

## DISPOSITION

The order denying the petition for resentencing is affirmed.


DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.

8.