Filed 3/30/26  P. v. Stewart CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JAREY NEIL STEWART,<br><br>    Defendant and Appellant. | C102950<br><br>(Super. Ct. No. 00F08190) |

In 2001, a jury found defendant Jarey Neil Stewart guilty of multiple sexual offenses.  The jury also found true a one-year prior prison term enhancement.  (Pen. Code, § 667.5, subd. (b).)[1]  The trial court sentenced defendant to a term of 135 years to life plus 6 years in prison.

In 2025, the trial court resentenced defendant under section 1172.75 because his judgment included a now-invalid prior prison term enhancement.  (§ 1172.75, subd. (a).)  At resentencing, the trial court struck the prior prison term enhancement and resentenced defendant to a term of 135 years to life plus 5 years.

---

[1]     Undesignated statutory references are to the Penal Code.

1

On appeal, defendant argues, and the People agree, that the trial court erroneously failed to vacate the balance of defendant's restitution fine (§ 1202.4) as required under section 1465.9, subdivision (d). Defendant further claims the trial court erred when it failed to (1) vacate the parole revocation fine (§ 1202.45) from the underlying judgment and (2) vacate a restitution fine (§ 1202.4) in a separate case that was not listed in his notice of appeal (Sacramento Sup. Ct., case No. 94F02221, hereinafter case No. 2221).

We agree with the parties that the remaining balance of defendant's restitution fine in the instant case must be vacated pursuant to section 1465.9, subdivision (d). We will order the restitution fine in the instant case vacated, in all other respects, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We omit a discussion of the facts underlying defendant's conviction because they are not relevant to the issues raised on appeal.

In 2001, a jury convicted defendant of "three counts of lewd and lascivious conduct (Pen. Code, § 288, subd. (a)), one count of aggravated lewd and lascivious conduct (Pen. Code, § 288, subd. (b)(1)), and one count of aggravated sexual assault (Pen. Code, § 269, subd. (a)(4)). He was sentenced under both the one strike law (Pen. Code, § 667.61, subd. (b)) and the three strikes law (Pen. Code, § 667 subds. (b)-(i)) to three consecutive indeterminate terms of 15 years to life, each tripled to 45 years to life (Pen. Code, § 667, subd. (e)(2)(A)(i)). A fourth indeterminate term of 15 years to life, tripled to 45 years to life, was ordered to be served concurrently. [The] sentence for the remaining offense was stayed pursuant to Penal Code section 654. He also received determinate terms of five years for a prior serious felony conviction (Pen. Code, § 667, subd. (a)) and one year for a prior prison term (Pen. Code, § 667.5, subd. (b)). Defendant's aggregate term was thus 135 years to life, plus six years." (*People v. Stewart* (2004) 119 Cal.App.4th 163, 166.)

In 2023, the trial court issued an order indicating defendant was a person in the custody of the Department of Corrections and Rehabilitation, serving a prison term for a

judgment in this case that included a now-invalid prior prison term enhancement. The trial court appointed counsel and set the matter for a resentencing hearing.

Defendant filed a resentencing brief requesting that the trial court dismiss his now-invalid prior prison term enhancement. (See, § 1172.75.) Defendant also asked the court to exercise its discretion under section 1385 and *Romero*,[2] to dismiss the prior strike convictions and the prior serious felony enhancement. The People filed a resentencing memorandum asking the court to reimpose the original sentence, less the one-year prior prison term enhancement.

At resentencing, the trial court dismissed the prior prison term enhancement. The court declined to dismiss the prior serious felony enhancement or any prior strike, and resentenced defendant to 135 years to life, plus five years in prison.

Defense counsel requested that the trial court vacate the restitution fine, citing the newly enacted Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill No. 1186) (Stats. 2024, ch. 805, § 1). The court also reimposed a $10,000 restitution fine (§ 1202.4, subd. (b)) and a corresponding $10,000 parole revocation fine (suspended unless parole is revoked) (§ 1202.45).

Defendant filed a timely notice of appeal.

DISCUSSION

A.    *Restitution Fine*

Defendant claims the restitution fine must be vacated because more than 10 years have elapsed since the trial court imposed the fine. The People agree, and so do we.

Effective January 1, 2025, Assembly Bill No. 1186 amended section 1465.9 to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any

---

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

Here, the trial court imposed a restitution fine of $10,000 when it sentenced defendant in 2001. Because more than 10 years have elapsed since the date of imposition, we order the restitution fine vacated.

B.    *Parole Revocation Fine*

Defendant further claims the $10,000 parole revocation fine (§ 1202.45) should also be vacated under section 1465.9, subdivision (d). We conclude that section 1465.9 does not contemplate vacating parole revocation fines under section 1202.45.

Section 1465.9, subdivision (d), does not mention section 1202.45. "When a statute is silent on a point, the courts resort to statutory interpretation." (*Waterman Convalescent Hospital, Inc. v. State Dept. of Health Services* (2002) 101 Cal.App.4th 1433, 1439.) "The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) When interpreting a statute, "our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose." (*Ibid*.) To determine the Legislature's intent, "[w]e must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.) "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.)

Defendant argues that, because the parole revocation fine was imposed in the same amount as the restitution fine (§ 1202.4), it must also be vacated under section 1465.9. However, there is no support in the plain language of the statute for the premise that the Legislature intended section 1465.9 to provide relief from parole revocation fines. If the Legislature intended such a result, it could have so specified. It did not. As such, we conclude that a section 1202.45 parole revocation fine cannot be vacated under section 1465.9. (See *People v. Guzman* (2005) 35 Cal.4th 577, 587 [" 'insert[ing]' additional

4

language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes' "].)

C.    *Jurisdiction in Case No. 2221*

Defendant also contends the trial court should have vacated a restitution fine and parole revocation fine in case No. 2221.  However, defendant's notice of appeal lists only the instant case, not case No. 2221, nor was case No. 2221 before the trial court at resentencing.  As such, we lack jurisdiction and decline to consider the matter.

Defendant argues the trial court would have had authority under section 1172.75 to vacate the fines in case No. 2221 at resentencing if he had filed a writ of habeas corpus.  But, defendant did not file a writ of habeas corpus in this case.  As such, case No. 2221 was not before the court at resentencing.

"Absent factual or evidentiary disputes, our review for subject matter jurisdiction is de novo."  (*People v. Cota* (2023) 97 Cal.App.5th 318, 328-329.)  "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  We presume the trial court has no jurisdiction to reconsider defendant's sentence unless the Legislature expressly vests such jurisdiction in the trial court.  (*Ibid*.)  Here, once the trial court received the information described in subdivision (b) of section 1172.75, the statute conferred jurisdiction on the trial court.  (*Cota,* at pp. 332-333.)  Case No. 2221 was not before the trial court, and it therefore lacked subject matter jurisdiction to vacate any fines imposed in that case.  (*People v. Waidla* (2000) 22 Cal.4th 690, 743.)

Appellate jurisdiction is limited to the record on appeal.  (*In re Carpenter* (1995) 9 Cal.4th 634.)  The record here only embraces the instant case, not case No. 2221. Therefore, we cannot consider the claim.

# DISPOSITION

The judgment is modified to vacate the restitution fine imposed pursuant to section 1202.4. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and provide a certified copy to the Department of Corrections and Rehabilitation.

_____\s\_____,
Krause, J.

We concur:

\_\_\_\_\_\s\_____,
Mauro, Acting P. J.

\_\_\_\_\_\s\_____,
Feinberg, J.